UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cr-00056-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **ISIDORO OCHOA,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's Request for Amended Judgment (#226). For cause, defendant states that the Bureau of Prisons has not credited him for 11 months served in state custody on charges stemming from what he contends is the same conduct underlying these charges. Instead, he states that BOP has given him credit only for the time he has been detained in this federal matter, which apparently occurred when the state authorities gave him a time-served sentence in February 2013.

Under Federal Rule of Criminal Procedure 35(a), the court may correct a sentence resulting from arithmetical, technical, or other clear error within 14 days after sentencing, but that time has well passed. Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Cr. P. 36.

While this court believes strongly that a person convicted of an offense should receive full credit for time served, calculation of credit for time spent in prior custody is governed by 18 U.S.C. § 3585(b). In <u>United States v. Wilson</u>, 503 U.S. 329 (1992), the Supreme Court held that

it is the Attorney General (through the Bureau of Prisons) who is responsible in the first instance for computing credit under § 3585(b).  Id. at 334-35.  The Court in Wilson made it clear that "[Section] 3585(b) does not authorize a district court to compute the [presentence detention] credit at sentencing." Id. at 334.  If petitioner is dissatisfied with the decision rendered by the BOP under §3585(b), he must first exhaust his administrative remedies and only then may he file a §2241 petition in the district of confinement.  Once administrative remedies are exhausted, see 28 C.F.R. §§ 542.10–542.16, a dissatisfied defendant may then seek judicial review of any jail-time credit determination, Wilson, 503 U.S. at 335, by filing a *habeas petition* under 28 U.S.C. § 2241 in the district of confinement. Thomas v. Whalen, 962 F.2d 358 (4th Cir.1992).  Even if this court were to provide Castro notice of its intent to treat such motion as a Section 2255 petition, a Section 2255 motion would not be the appropriate vehicle for defendant to challenge an administrative denial of credit for time served. Rogers v. United States, 180 F.3d 349 (1st Cir. 1999).

***

To provide a complete record for defendant in his administrative challenge, the court notes that paragraph 58 of the Revised Presentence Report provides that the state-court conviction for which defendant states he served 11 months prior to being turned over to federal authorities is "related to the instant offense."  Revised PSR (#184) at ¶ 58 (temporarily unsealed in part for the limited purpose of addressing the instant motion).

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Request for Amended Judgment (#226) is **DENIED**.

Signed: December 2, 2014

Max O. Cogburn Jr.